UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL MARSH,

                Petitioner,

      - against -                               MEMORANDUM & ORDER
                                                    03-CV-329 (NGG)(LB)

JOHN T. SMITH,

                Respondent.
------------------------------------------------------------X

GARAUFIS, District Judge.

On May 2, 2005, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") recommending that the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, this court makes a *de novo* review of all portions of the R&R to which the respondent specifically objected. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Familiarity with the facts of the case and the holdings of the R&R is assumed.

After a *de novo* review, this court adopts the R&R in its entirety.

**I.    DISCUSSION**

Marsh seeks a writ of habeas corpus on the grounds that his conviction was based on evidence obtained from an unlawful stop and frisk in violation of the Fourth Amendment to the United States Constitution.[1]  However, the scope of a federal court's authority to overturn a state

---

[1] The factual background to the instant petition is fully set forth in the R&R. The following is an abbreviated summary of the relevant facts in order to provide context to this Order. On January 23, 1999 at the corner of Fulton Street and Bedford Avenue in Brooklyn, police officers stopped a yellow cab in which the petitioner was a passenger. (See Transcript ("Tr.") at 47.)  The stop was part of a procedure of stopping certain yellow cabs under a certain

1

court's conviction based on such a claim is sharply limited. It is well-established that "federal habeas corpus relief is not available on the ground that evidence produced at trial was the result of an unconstitutional search and seizure, unless the state denied the prisoner an opportunity for full and fair litigation of the claim." Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991) (citing Stone v. Powell, 428 U.S. 465 (1976)).

In the instant case, the state record demonstrates that the petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claims. Prior to the trial, the Supreme Court, Kings County, granted a hearing on Marsh's motion to suppress physical evidence and identification testimony. At the hearing, Marsh's counsel argued that the police officers lacked probable cause to stop the cab, that the officers should not have blocked Marsh's egress from the cab nor should they have placed Marsh against the cab and frisked him. (HT at 91.) After hearing the petitioner's arguments, the trial court denied Marsh's motion to suppress. In evaluating the constitutionality of the stop, the trial court stated:

> It was a specific pattern, a specific set of criteria and only those vehicles containing that type of driver, that type of passenger coming from Manhattan to Brooklyn, only those vehicles would be stopped and the number of stops was very limited, therefore this particular method of police investigation and stop is clearly constitutional.

(HT at 97.) The trial court further found that the frisk of the petitioner following the stop of the taxi was reasonable because the petitioner exhibited a "furtive, nervous reaction" and "attempt[ed] to put something in his pocket." (HT at 98.)

---

set of criteria following a series of robberies of drivers of yellow cabs. (Tr. at 8.) Following the stop, the police frisked the petitioner and recovered a folding knife, which appeared to have dried blood on it, as well as a cell phone belonging to one of the taxi drivers who had recently been robbed. (Hearing Transcript ("HT") at 18, 72.) Upon discovering these items, the police then arrested the petitioner. (Tr. at 48.)

On appeal, the Supreme Court, Appellate Division affirmed the petitioner's judgment of conviction. People v. Marsh, 289 A.D.2d 510 (2001). The Appellate Division held that the petitioner failed to preserve for appellate review Marsh's claim that "the hearing court erred in finding that the stop of the taxi in which he was a passenger was reasonable." Id. The Appellate Division also held, in any event, that the trial court's determination was proper because the taxi in which the petitioner was a passenger fit the pattern that caused the police to stop it during the investigation. Id. The Appellate Division further held that the frisk and arrest of the petitioner was justified because "upon seeing the detectives approach the taxi, the defendant attempted to hide something at his side and to push past a detective, and then refused to put his hands on the taxi's trunk after several requests.... Once [the petitioner] was found to be carrying a knife that appeared to be stained with dried blood, the police had probable cause to arrest him." Id.

In her R&R, Judge Bloom determined that regardless of whether the petitioner's claim is procedurally barred, his claims challenging the suppression of evidence is barred on habeas review by Stone v. Powell, 428 U.S. 465 (1976) because the petitioner availed himself of state procedures to challenge the stop and frisk. (R&R at 8, 11.) In his objections to the R&R, rather than claim that he was not provided with a full opportunity to litigate his suppression claim in state court, Marsh simply asserts that the state courts reached the wrong result in denying his claim on the merits. However, this is precisely the type of claim that this court may not entertain

on habeas review under the Supreme Court's decision in Stone v. Powell.[2]  Accordingly, Marsh's request for a writ of habeas corpus is denied.

**II. CONCLUSION**

For the reasons discussed above, this court adopts Magistrate Judge Bloom's R&R in its entirety.  Marsh's petition for a writ of habeas corpus is DENIED.  As Marsh has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000).  Pursuant to 28 U.S.C. § 1915(a)(3), the court also certifies that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: June 6, 2005                        /s/ Nicholas G. Garaufis
     Brooklyn, New York               NICHOLAS G. GARAUFIS
                                                     United States District Judge

---

[2] Even if this court could review Marsh's Fourth Amendment claim, Marsh's assertion that the state court improperly applied controlling standards set forth in Brown v. Texas, 443 U.S. 47 (1979) is without merit.  In Brown v. Texas, the Supreme Court held that the application of a Texas statute to detain an individual and require him to identify himself violated the Fourth Amendment because the officers lacked any reasonable suspicion to believe that the individual was engaged or had engaged in criminal conduct.  Rather than provide blanket authority to detain and ascertain the identity of an individual absent any reasonable suspicion, the roving stops at issue here were limited to a particular pattern of driver, passenger, and route.  Moreover, once the taxi in which the petitioner was a passenger was stopped, Marsh exhibited behavior, including an attempt to hide something at his side, that provided sufficient basis to justify the frisk of the petitioner.